IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
        Plaintiff :
:
:
v. : CRIMINAL NO. 1:CR-93-117-02
:
:
JOHN BAX, :
        Defendant :

*M E M O R A N D U M*

I.    *Introduction*

      Defendant, John Bax, filed a pro se motion for reduction of his sentence under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 706 to the sentencing guidelines, which generally reduces the base offense level for crack cocaine offenses by two levels. His motion also seeks a lower sentence based upon his rehabilitation while he has been in prison, citing in part *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

      Under this court's standing order for Amendment 706 cases, the Office of the Federal Public Defender was appointed to represent Defendant on the motion. The assistant public defender handling the matter has filed a motion to withdraw as counsel because the sentence-reduction motion can only be granted if Amendment 706 has the effect of lowering Defendant's applicable guideline range and since Defendant is a career offender, his guideline range has not been lowered. The

assistant public defender also points out that under *United States v. Mateo*, 560 F.3d 152, 155-56 (3d Cir. 2009), we lack the authority to resentence on any other basis, so *Booker* does not assist Defendant here.

We have authority to reduce Defendant's sentence only if Amendment 706 has the effect of lowering his applicable guideline range. Because we agree with the public defender's position that the amendment does not have that effect here, we will deny the motion for reduction in sentence.

II.     *Background*

In October 1993, a jury found Defendant guilty of conspiracy to distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846.

The PSR calculated Defendant's guideline range. We accepted the PSR's calculations except for the drug quantity. The PSR used a crack-cocaine quantity between 150 and 500 grams, giving Defendant a base offense level of 34. But at sentencing on February 16, 1994, the court determined that Defendant's drug quantity was "well in excess of five grams," but that it could not be determined if the amount reached fifty grams. (Doc. 91, sentencing transcript at p. 20). That gave Defendant a base offense level of 26 and in the normal case a total offense level of 32, when other offense level calculations were added in.

However, Defendant had two prior drug-trafficking convictions, thus making him a career offender for the purposes of U.S.S.G. § 4B1.1. Because the

statutory maximum sentence for a crack-cocaine offense involving Defendant's drug quantity was forty years, under section 4B1.1(b)(B) Defendant's total offense level became 34. With a criminal history category of VI, also based on Defendant's career-offender status, Defendant's guideline range was 262 to 327 months. Defendant was sentenced to 286 months' imprisonment.

III. *Discussion*

The United States Sentencing Commission has authority to amend the guidelines, 28 U.S.C. § 994(o), and to provide that any amendment has retroactive effect. *Id.*, § 994(u). Under 18 U.S.C. § 3582(c)(2), a defendant can seek the benefit of an amendment by a motion to modify his sentence. Any sentence reduction must take into account "the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable" and "must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S.S.G. § 1B1.10 (Policy Statement)(effective March 3, 2008) is the applicable policy statement. In pertinent part, it provides that under section 3582(c)(2) a court "may reduce the defendant's term of imprisonment" "when the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines manual listed in subsection (c) below." *Id.*, § 1B1.10(a)(1). Amendment 706 is listed in subsection (c). However, "[a] reduction is not consistent with [the] policy statement and therefore is not authorized under 18

U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." *Id.*, § 1B1.10(a)(2)(B).

In determining the effect of the amendment on the defendant's sentence, and essentially to determine whether it lowers his applicable guideline range, the court:

> shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

*Id.,* § 1B1.10(b)(1).

As noted, the policy statement tells us not to reduce Defendant's sentence if Amendment 706 "does not have the effect of lowering [his] applicable guideline range." *Id.*, § 1B1.10(a)(2)(B). And in determining whether it lowers his applicable guideline range, we simply replace the amendment "for the corresponding guideline provisions that were applied when the defendant was sentenced and . . . leave all other guideline application decisions unaffected." *Id.,* § 1B1.10(b)(1).

In doing so, Defendant's guideline range remains unaffected by the amendment. It is true that under the amendment his base offense level is 24 instead of 26, in line with the general two-point reduction in the base offense level made by Amendment 706. However, the career-offender guideline still operates to raise his total offense level to 34 and to give him a criminal history category of VI. Hence, Defendant's guideline range remains at 262 to 327 months, and we can grant him no

relief. *See Mateo*, *supra*, 560 F.3d at 155 ("Because Amendment 706 does not lower Mateo's sentencing range due to his status as a career offender, he may not seek reduction in sentence under § 3582(c)(2).").[1]

Defendant does not just seek the benefit of Amendment 706. Citing in part *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007), he also believes that his section 3582(c)(2) motion allows him to invoke *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), as an independent basis for reducing his sentence by treating the guidelines as advisory. He argues that his rehabilitation while he has been in prison justifies a reduction.

We cannot grant this relief. In *Mateo*, *supra*, 560 F.3d at 155-56, the Third Circuit decided that a motion under section 3582(c) is limited to consideration of the effect of the retroactive amendment on the defendant's sentence, and specifically rejected the use of *Booker* in such proceedings.

We will issue an appropriate order.

                                            /s/William W. Caldwell
                                            William W. Caldwell
                                            United States District Judge

Date: February 17, 2010

---

[1] This is the same reasoning we applied in denying Bax's co-defendant an Amendment 706 reduction. *See United States v. Tucker*, 2008 WL 2704543 (M.D. Pa.), aff'd, 319 F. App'x 182 (3d Cir. 2009)(nonprecedential).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
       Plaintiff :
        :
        :
       v. : CRIMINAL NO. 1:CR-93-117-02
        :
        :
JOHN BAX, :
       Defendant :

*O R D E R*

AND NOW, this 17th day of February, 2010, it is ORDERED that:

   1. Defendant's motion (doc. 208) under 18 U.S.C. § 3582(c)(2) for a sentence reduction is denied.

   2. The motion (doc. 212) of the Public Defender to withdraw as counsel is granted.

                                     /s/William W. Caldwell
                                     William W. Caldwell
                                     United States District Judge